(March 21, 1911.)

MARY A. POWERS, Respondent, v. INDEPENDENT LONG DISTANCE TELEPHONE COMPANY, Appellant.

[114 Pac. 666.]

NEGLIGENCE—PERSONAL INJURY—TELEPHONE POLE—OWNERSHIP OF—VERDICT—SUFFICIENCY OF EVIDENCE—INSTRUCTIONS.

(Syllabus by the court.)

1. Where it appears from the evidence that the appellant company attached its wires to a pole that had been erected by others, and left its wires so attached for about four years, and thereafter erected a pole of its own within a foot or eighteen inches of the pole to which said wires had been attached, and thereafter took all of its wires from the old pole and left the same standing in the position that it was when it attached its wires thereto, and thereafter another telephone company attached its wires to said pole and used the same for a period of two or three months, after which said pole was taken down by some one unknown to the appellant company and laid close to the sidewalk, where it remained for six weeks or two months, when the plaintiff was passing along the sidewalk and her foot was caught in a wire attached to said pole, and she was thrown violently to the sidewalk and severely injured, and upon the evidence introduced the jury rendered a verdict in her favor, *held,* that the evidence is not sufficient to sustain said verdict.

2.   Under the evidence, *held,* that the appellant was not responsible for the taking down of said pole and placing it by the sidewalk, it having abandoned all the interest it had in said pole at the time it removed all of its wires therefrom several months prior to the taking down of said pole.

3.   *Held,* that the court erred in giving certain instructions and that it erred in refusing to give certain other instructions requested by the defendant.

APPEAL from the District Court of the Third Judicial District, for the County of Ada.   Hon. Fremont Wood, Judge.

Action to recover damages for personal injury.   Judgment for plaintiff.   *Reversed.*

Ira E. Barber, for Appellant.

A transaction between two parties ought not to operate to the disadvantage of a third.   It is manifestly unjust that a man should be bound by the acts of strangers, neither ought their acts or conduct be used as evidence against him.   (1 Elliott on Evidence, 159; Broom's Legal Maxims, 954; *Cleveland Ry. Co. v. Jenkins,* 174 Ill. 398, 66 Am. St. 296, 51 N. E. 811, 62 L. R. A. 922.)

The defendant would not be concluded by any act of the Idaho Telephone Co.   (*Anderson v. War Eagle Con. Mg. Co.,* 8 Ida. 789, 72 Pac. 671, and cases cited.)

The pole was personal property.   It was erected by others long prior to the initiation of the Independent Long Distance Telephone Co., in Boise, and was used by defendant and its predecessor in title under no claim of either ownership or right.   (*People ex rel. New York etc. Co. v. Feitner,* 45 Misc. Rep. 12, 90 N. Y. Supp. 826; *Boston Safe Deposit Co. v. Bankers Tel. Co.,* 36 Fed. 288; *Newport Illum. Co. v. Tax Com.,* 19 R. I. 632, 36 Atl. 426, 36 L. R. A. 266; 2 Joyce on Electricity, 917.)

This being true, parol evidence is admissible to prove ownership or lack of ownership.   (*Williams v. Jarrot,* 6 Ill. 120; *Mason v. Bowles,* 117 Mass. 86; *Fay v. Davidson,* 13

Minn. 491; *Knight v. State*, 58 Neb. 225, 76 Am. St. 78, 78 N. W. 508; *Gallagher v. London etc.*, 149 Pa. 25, 24 Atl. 115.)

The occupier or the owner loses his entire title when he abandons with the concurrence of intent and relinquishment. (*Judson v. Malloy*, 40 Cal. 299, 1 Cyc. 3–7; *McGoon v. Ankeny*, 11 Ill. 558; *Haslem v. Lockwood*, 37 Conn. 500, 9 Am. Rep. 350, 1 Ency. Evidence, 1; *Mineral Water Co. v. Fishman*, 127 Mo. App. 211, 104 S. W. 1156; *Tiebout v. Millican*, 61 Tex. 514; *Cassell v. Crothers*, 193 Pa. 359, 44 Atl. 446; *Sioux City etc. v. Davis*, 49 Minn. 308, 51 N. W. 907; *Hickman v. Link*, 116 Mo. 123, 22 S. W. 472.)

And upon abandonment the prior owner's rights determine and the property is as to him as though he had never owned it. (*Davis v. Butler*, 6 Cal. 511; *French v. Braintree*, 23 Pick. 216; *Wyman v. Hurlburt*, 12 Ohio, 81, 40 Am. Dec. 461; *Huggins v. Reynolds*, 51 Tex. Civ. App. 504, 112 S. W. 116; *Church v. Meeker*, 34 Conn. 421.)

The last taker, appropriator, or user of the property becomes responsible and liable for all that is vested in use, occupancy or ownership. (6 Thomp. Negligence, 7434; *Baker v. Tibbetts*, 162 Mass. 468, 39 N. E. 350; *Smith v. Race*, 76 Ill. 490; *Quill v. Empire State T. & T. Co.*, 159 N. Y. 1, 53 N. E. 679; *McNamara v. B. & M. R. R.*, 202 Mass. 492, 89 N. E. 131.)

The question of use, occupancy or ownership, as between defendant and the R. M. B. Tel. Co., was an issue of fact solely for the jury—Who last used this pole and wire, and therefore, who was, at and on the date of injury, responsible for it?

The instructions complained of took all these questions away from the jury and the giving of them and the refusal of requested charges was an assumption by the court of the right to try these facts himself. (*Waring v. Crow*, 11 Cal. 369; *Myers v. Spooner*, 55 Cal. 257; *Log Owners v. Hubbel*, 135 Mich. 65, 97 N. W. 157, 4 L. R. A., N. S., 573; *Utt v. Frey*, 106 Cal. 392, 39 Pac. 807; *T. C. Ry. Co. v. Taylor*, 102 Ala. 224, 14 So. 379; *Bartley v. Phillips*, 165 Pa. 325, 30 Atl. 842.)

It was not the duty of defendant to care for or maintain this pole, and therefore, in the absence of evidence that the defendant placed the pole in the position where plaintiff became injured thereby, defendant cannot be held responsible. (*McDonald v. Hoffman*, 10 Cal. App. 515, 102 Pac. 673; *Kennedy v. Hawkins*, 54 Or. 164, 102 Pac. 733, 25 L. R. A., N. S., 606; *McDonald v. Snelling*, 14 Allen (Mass.), 290, 92 Am. Dec. 768; *South Side etc. Ry. Co. v. Trich*, 117 Pa. 390, 2 Am. St. 672, 11 Atl. 627; *Comes v. Dabney* (Kan.), 102 Pac. 488; *Lamb v. Licey*, 16 Ida. 664, 102 Pac. 378.)

Hawley, Puckett & Hawley, for Respondent.

The court based its ruling refusing an examination of the premises on the changed condition, rendering the inspection of the premises of no benefit to the jury. Autoptic preference is allowable only on the assumption that the condition of the object offered is the same or sufficiently similar as when the act complained of happened. (*State v. Brushwood & Cook*, 13 Ida. 45, 88 Pac. 240.)

The appellant in the present case acquired all the rights of the old company in this pole in 1904, and made the pole in question a part of its system, just as did the old Independent company. Appellant had exercised over the pole all the dominion, rights and prerogatives of an owner; it had used the pole for the purpose of stringing its wires to at least two customers, and had no doubt received an income to which the pole in question had contributed by its user. (*Wyman v. Hurlburt*, 12 Ohio, 81, 40 Am. Dec. 461, and notes; *Deaderick v. Oulds*, 86 Tenn. 14, 6 Am. St. 812, 5 S. W. 487; *Haslem v. Lockwood*, 37 Conn. 500, 9 Am. Rep. 350; *McGoon v. Ankeny*, 11 Ill. 558; *Eads v. Brazelton*, 22 Ark. 499–509, 79 Am. Dec. 88; *Kansas City etc. Co. v. Wagand*, 134 Ala. 388, 32 So. 744.)

"Should the material out of which the lines are constructed become old, worn, decayed or cumbersome, it should be removed and the best and most up-to-date structures erected and used in lieu of these. To be more explicit, the streets

and highways should be substantially as safe after they are occupied by these companies as they were before these lines were constructed thereon.'' (Jones on Teleg. & Tel. Companies, par. 185; *Nichols v. Minneapolis,* 33 Minn. 430, 53 Am. Rep. 56, 23 N. W. 868; *West Kentucky Tel. Co. v. Pharis,* 25 Ky. L. 1838, 78 S. W. 917; *Davidson v. Utah Ind. Co.,* 34 Utah, 249, 97 Pac. 124; *Crawford v. Standard Tel. Co.* (Iowa), 115 N. W. 878; *Cumberland Tel. & Teleg. Co. v. Coats,* 100 Ill. App. 519.)

The fact that the wires and poles of the company had been abandoned and their use discontinued is no defense when they have afterward caused injury. (*So. Bell Tel. Co. v. McTyre,* 137 Ala. 601, 97 Am. St. 62, 34 So. 1020; *Nichols v. Minneapolis, supra;* Jones on Teleg. & Tel. Companies, pars. 186, 187, 188; *Pacific Tel. & Teleg. Co. v. Parmenter,* 170 Fed. 140, 95 C. C. A. 382; *Dobbins v. W. U. Tel. Co.,* 163 Ala. 222, 136 Am. St. 69, 50 So. 919.)

Two or more persons, although acting independently, whose combined acts of negligence cause an injury to another are regarded as joint tort-feasors, and either one or both may be held liable. (6 Thompson on Negligence, par. 7435.)

In this case it might be said that the defendant company furnished the pole and the white knobs for wire and the Bell company furnished the wire. (*Pac. Tel. & Teleg. Co. v. Parmenter,* 170 Fed. 140, 95 C. C. A. 382; *Johnson v. N. W. Tel. Exchange Co.,* 48 Minn. 433, 51 N. W. 225.)

The fact is well established that a defendant may be held liable, notwithstanding that there may have been intervening negligence of a third party. (*Louisville Home Tel. Co. v. Gasper,* 123 Ky. 128, 93 S. W. 1057, 9 L. R. A., N. S., 548; *Johnson v. N. W. Tel. Co. Exchange,* 48 Minn. 433, 51 N. W. 225.)

SULLIVAN, J.—This is an action to recover damages for personal injury alleged to have been sustained on the 29th day of June, 1907, by plaintiff's being caught, entangled and tripped by a wire attached to a telephone pole, which pole

was lying along the sidewalk on Thirteenth street between Grove and Front streets, Boise City.

The answer denied the ownership of both the pole and the wire, denied having taken down said pole and placed it along said sidewalk, denied all responsibility for said pole and wire being on the sidewalk, and averred that the pole was erected long prior to the existence of the defendant corporation, and was, in the month of February, 1907, used, employed and occupied by the Bell Telephone Co. with its wires and lines, and that thereafter the appellant company discontinued the use and occupancy of said pole, and that the same was by the owner thereof, or by persons unknown to the appellant, taken down and placed as alleged in the complaint. The answer also alleges contributory negligence on the part of the plaintiff.

Upon the issues thus made, the action was tried by a jury and verdict rendered and judgment entered for the plaintiff in the sum of $5,500. Thereafter a motion for a new trial was denied, and this appeal is from both the judgment and order denying the new trial.

Many errors are assigned, among them the insufficiency of the evidence to support the verdict.

It appears from the evidence that the pole in question was an old pole which had been erected and used long before the organization of the appellant corporation by persons unknown to the appellant; that in 1901 or 1902, a drop was run from the lines of the appellant company to the pole in question; that sometime thereafter another drop was attached to said pole, running from the northwest corner of Front street to the pole, thence northeast to the northwest corner of Thirteenth and Grove streets, to a pole, and thence to Dr. Noble's veterinary barn, which two wires were the only wires of the appellant company attached to this pole during said time. In the spring of 1906, the Noble wires were cut off at the corner of Thirteenth and Grove, and Dr. Noble was given service from Main street; that about November, 1906, the dead Noble drops on this pole were taken down, rolled up and taken away and this pole was stripped entirely clean of

any and all wires belonging to the appellant corporation. The record fails to show to whom said tramp or derelict pole belonged or who erected it. The evidence shows that the appellant company attached wires to said pole and used it from about 1902 to 1906. At that time they erected a new pole about eighteen inches from the pole in question and removed their wires from the old pole to the new. During all of the time that said wires were attached to said old pole, the appellant was a mere trespasser thereon and neither owned nor claimed to own said pole. In January, 1907, the Bell Telephone Company attached drops to this pole, which were the only wires on it. At the time of the trial, the dead drops of the Bell Telephone Co. from the second house north were running to the new pole belonging to the appellant company and were fastened with knobs to the new pole at a point about the height of the old pole, and such drops had been so situated for more than a year. It also appears that at the time the pole in question was taken down, the Bell Telephone Co. was taking down poles in this alley, and that the defendant never did take down poles in said alley. Said old pole was taken down about March or April by some person or persons unknown to the appellant company, and laid along the sidewalk, where it laid until said accident occurred.

The question is directly presented as to whether, under the facts above stated, the appellant company is liable in this action. Did the fact of its having attached wires to said old pole and permitted them to remain there about four years make it liable for any damage that might result from some one, unknown to it, taking the pole down and placing it along the sidewalk, after it had abandoned the pole? Did it, by using the pole as above stated, become the owner thereof or make itself responsible for the taking down and removal of the pole?

It is clear from the evidence that the pole was not the property of the defendant unless it became so by its user, and if it could acquire any kind of ownership by user merely, it might lose such ownership by abandonment, as it certainly did. If the injury had occurred from the negligence of the

defendant while it was using the pole, there is ample authority for holding the defendant liable; but when the defendant ceased to use the pole and left it clean of its wires, in a safe position, and the pole was thereafter occupied by another company for like purposes, the law will not hold the defendant liable where an injury is sustained resulting from the taking down of said pole and placing it along the sidewalk by persons unknown to the appellant and without its knowledge or consent. In such case, the appellant lost its entire title to said pole, if it had any, when it abandoned it with a concurrence of intent and relinquishment. (*Judson v. Malloy,* 40 Cal. 299; 1 Cyc., pp. 3–7.) Upon abandonment, the prior owner's right terminated, and the property is to him as if he had never owned it, and the first comer may appropriate it.

Under the evidence the question of use, occupancy or ownership as between the defendant and the Bell Telephone Co. was an issue of fact solely for the jury, and the question arose as to which last used the pole and who was, at the date of the injury, responsible for it.

It appears from the evidence that the appellant company erected a new pole only a few inches from the pole in question and did not remove the latter. This is a significant fact, as the custom in such cases is either to cut down or remove the old pole if it belongs to the party erecting the new one. This would indicate that the appellant company had no right to or ownership in said pole. The evidence shows that appellant did not own said pole and was not liable for taking it down and placing it along the sidewalk. If the appellant company had had any right in said pole, it abandoned it by erecting a new pole close to the old one and stripping it of all wire and attaching its wires to the new pole, and a subsequent taker, appropriator or user of said pole may have become responsible and liable for all that is vested in use, occupancy or ownership. (See 6 Thompson on Negligence, sec. 7434.)

We can arrive at but one conclusion after a careful inspection of the evidence, and that is that it is not sufficient to support the verdict. All of the acts of the appellant com-

pany as shown by the evidence, taken together, in regard to the said pole, are not sufficient to make it liable to the plaintiff for the injuries sustained by her. The wire that caused the injury was not the wire of the appellant company, as the evidence clearly shows that when it abandoned the old pole, it stripped it clean of wire.

A number of objections were made in regard to the admission and rejection of certain evidence. It was clearly error for the court to admit any evidence of the Bell Telephone Co. with reference to informing its main office of accidents or damage claims. Said evidence should have been rejected. The evidence shows that the pole in question was not claimed by the appellant, and it also shows the acts done by appellant in connecting its wires to said pole and thereafter stripping said pole of its wires.

The striking out of the testimony of the witness Thrailkill, who testified that said old pole did not belong to the appellant company, was error. While that evidence is a conclusion, we think it was proper to go to the jury, and the witness might have been cross-examined as to the facts on which he based that conclusion. Certain evidence had been introduced in regard to said pole not belonging to the appellant company, to the effect that they did not erect it, never claimed it, had used it only temporarily, and when through with it, stripped it of all wire and left it as they found it. However, if this were the only error in the record, we would not hold it sufficient to warrant a reversal of the case.

The evidence in regard to an action pending against the Bell Telephone Co. should have been rejected, and the court erred in admitting it. The court did not err in refusing defendant's request to have the premises inspected by the jury. The testimony in regard to the conversation between the daughter of the plaintiff and another witness had with the attorney for the appellant company should not have been admitted. Neither party should have been permitted to introduce any testimony in regard to that conversation. The testimony in regard thereto is immaterial applied to the real merits of this case.

It will not be necessary for us to pass upon certain other errors assigned, as the matters involved therein will not arise on a retrial of the case.

The giving of instructions Nos. 2, 3, 4, 6 and 8, given by the court on its own motion, is assigned as error. While some parts of each of said instructions state correct rules of law, they are not applicable to the facts of the case as developed by the evidence, and should not have been given. Instructions Nos. 2, 10 and 13 requested by the defendant and refused by the court should have been given.

For the foregoing reasons the judgment must be reversed and the cause remanded for further proceedings in accordance with the views expressed in this opinion. Costs awarded to the appellant.

Ailshie, Presiding J., concurs.