MARGARETTA PICULJAN, Respondent, v. UNION
ELECTRIC LIGHT & POWER COMPANY, Ap-
pellant.

St. Louis Court of Appeals.  Opinion Filed November 8, 1921.

1. **STREETS AND HIGHWAYS: Trees: Near Property Line: Right
   of Abutting Property-owner.**  An abutting property-holder owns
   the fee to the center of the highway, subject, of course, to an
   easement of the right of passage in the public, with necessary
   incidents flowing from the public use, and has the right to re-
   move trees standing adjacent to the highway at his pleasure.

2. ——: ——: ——:  **Used by Electric Company to String
   Wires: Injury by Falling Dead Branches: Liability.**  Even though
   an electric company placed a timber supporting a guy wire in a
   tree adjacent and along the highway, such act did not constitute
   an adoption of the tree as a part of its pole line system, and
   hence the company was not required to keep the tree in reason-
   ably safe condition so that its branches would not fall and in-
   jure persons or property, and the electric company did not there-
   by become liable for damages resulting from falling limbs, where
   there was no evidence that the company's use of the tree caused
   the timber to rot or fall.

3. ——: ——: ——: ——:  **Property-owner Assuming Con-
   trol of Tree: Duty to Remove Dead Branches.**  A property-owner
   who owned a tree located near the property line on which an
   electric company had placed a wooden beam to support its guy
   wires, and who had assumed control by notfying the company
   to take its guy wires out of the tree, became obligated to remove
   decayed and dangerous limbs from such tree, and consequently
   the electric company was not liable to the property-owner for in-
   juries caused by the falling of a dead branch therefrom.

Appeal from the Circuit Court of St. Louis County.—
*Hon. G. A. Wurdeman,* Judge.

REVERSED.

*A. E. L. Gardner* and *John H. Drabelle* for appellant.

(1) Trees in the street belong to the abutting owner
where he is the owner of the fee.  Walker v. City of

Sedalia, 74 Mo. App. 70; McAntire v. Joplin Telephone Co., 75 Mo. App. 439; Webb v. Strobach, 143 Mo. App. 473; Cartwright v. Bell Telephone Co., 205 Mo. 126; Ashurst v. Lohoefner, 170 Mo. App. 331; 37 Cyc. 203; 28 Cyc. 848, 446. (2) The abutting owner may remove the trees at his pleasure and is liable for injuries resulting from his allowing such trees to become dangerous. 28 Cyc. 848, 1446; Weller v. McCormick, 52 N. J. Law 470. (3) Real estate granted to husband and wife creates an estate by the entirety. Sec. 2273, R. S. 1919.

*John E. Mooney* and *George Barnett* for respondent.

(1) The court properly overruled plaintiff's demurrer to the evidence and submitted the case to the jury. The defendant had the possession of the tree in question, had adopted the same as a part of its system of poles and wires, and it was, therefore, its duty to maintain the tree in a reasonably safe condition. Eads v. Galt, 199 S. W. 710; Nagel v. Mo. Pac. R. R. Co., 75 Mo. 653; Lottman v. Barnett, 62 Mo. 150; 29 Cyc., p. 476. (2) It was the duty of appellant to keep dead limbs which were likely to break and injure persons trimmed off the tree. The appellant was in possession of the tree and was using the same as a substitute for a pole, and it was plainly its duty to keep the tree in a reasonably safe condition. Even though the tree may have been in the possession of appellant with the tacit consent and acquiescence of respondent, and without reference to whether the possession of the appellant was that of a tenant by sufferance or at will, or was the possession of a mere licensee, still it was appellant's duty to keep the tree in a reasonably safe condition. Eads v. Galt, 199 S. W. 710, supra; 29 Cyc., 476, supra. (3) The appellant will be estopped to claim that it had no right to keep the tree in a reasonably safe condition. The defendant took possession of the tree in such a manner that it excluded the possession of all other persons. It was not incumbent upon this plaintiff to climb among live wires, trim

off dead branches from the tree, nor could she reasonably be expected to cut a tree down, thereby permitting the entire system of live wires to fall to the street. When appellant took possession of this tree for the purposes of its business, it assumed the legal obligation of keeping the tree in a reasonably safe condition. Defendant will not be permitted to enjoy all the benefits to be derived from the possession and use of the tree and escape all legal responsibility incident to such use and possession. (4) Even if appellant's contention were correct that the respondent was the technical owner of this tree, it does not follow that respondent would have been entitled to revoke the appellant's right to use the tree. Without reference to whether appellant was a licensee under an expressed contract, or merely with the tacit consent and acquiescence of respondent, the right to continue the use and control of the tree remained in appellant. Lashley Telephone Company v. Durbin, 228 S. W. 423.

DAUES, J.—This is an action for damages for personal injuries alleged to have been received by plaintiff while in the hallway of her residence, located in St. Louis County, Missouri, the injury being caused, by a limb falling from a tree to which certain guy wires of the defendant company were attached.

The petition alleges that the defendant corporation is engaged in furnishing electric light and power, and that it maintained upon Hummelsheim avenue, a public highway in St. Louis County, poles and wires to distribute electric current; that it had placed a wooden beam in the forks of a tree located in said road near the property line of the plaintiff to support certain guy wires and used said tree to support the guy wires in connection with its line of poles; that the wooden beam in the forks of the tree caused the tree to die and the limbs to become decayed; that plaintiff in November, 1917, was severely and permanently injured while in her home by a dead branch of said tree falling against the door of her residence and causing the door to strike her.

The petition alleges negligence of the defendant in attaching the wires to the tree so as to cause the tree to die, and in failing to cut off the dead branches as they occurred. And, "that defendant herein was negligent in failing to trim and cut off said deadened and decayed limbs from said tree at a time when said defendant was using said tree as a part of its system of poles and wires, and was using said tree as a support for its wires, and when defendant either knew, or by the exercise of ordinary care would have known, that said tree and the branches and limbs thereon were dead and likely at any time to break and fall, and when defendnat either knew or by the exercise of ordinary care would have known, that said tree was in a public highway and in close proximity to the said residence of plaintiff and said Peter Piculjan, and that said deadened and decayed branches and limbs were likely at any time to break and fall and injure persons and property in the immediate vicinity of said tree."

Defendant demurred to the petition, which being overruled, was followed by answer which admits, among other matters, the public character of the road, the location of the tree, the use of same by guy wires as described in the petition; and, answered further, as follows:

"Defendant, further answering plaintiff's said petition, states that the tree described in plaintiff's petition was the property, by reason of her title to the adjacent premises, of the plaintiff Margaretta Piculjan, and is the owner of said tree as aforesaid, it became and was the duty of the said plaintiff herein to maintain said tree in a reasonably safe condition, and defendant states that the injuries, if any, sustained by the plaintiff in the manner and at the time set forth in her said petition were the result of plaintiff's own negligence in failing to keep said tree in a reasonably safe condition."

The answer further denied that the guy wire or the manner of its attachment to the tree interfered with the rights and duties of the owner to have and take possession of same, or keep and maintain the same or its branches in a safe condition. The answer included a

general denial. To this, plaintiff replied by general denial.

The case was tried by the court and jury, resulting in a verdict of $1,000 for the plaintiff. After appropriate motions defendant appealed.

The facts, when skeletonized from the record, are as follows: Plaintiff while scrubbing the floor of a room in her residence fell over a bucket of water which was being used by her at the time, the fall resulting from an outside door of her home suddenly opening and striking her. She and other witnesses testified that a limb from a deadened tree on the sidewalk line next to her property in Hummelsheim avenue fell from a cause unknown against the door. It appears that the defendant company at the time and for some time prior thereto had a guy wire attached to a piece of timber which was placed in the fork of the two main branches of this tree. The wire was so attached and so designed to hold certain line poles in place.

The tree in question had been partially dead for several years prior to the date of the accident. It is not clear when this decay began. The limb which fell, it is admitted, was not one of the limbs supporting the piece of timber to which the guy wire was attached, but a branch of the tree higher up and some distance away. The tree was a very large and branching one. Witness Jennewein, testifying for plaintiff, said the limb broke off about twenty-five feet from the ground.

The property in which the plaintiff lived belonged to her and her husband, held as an estate by the entirety. Plaintiff in the trial below entirely abandoned the theory that the defendant caused the limb of the tree to die and break off, but stood squarely upon the proposition that it was the duty of the defendant company to have used ordinary care to have prevented the limb in question from falling from the tree. Likewise, that is plaintiff's theory here before us. There was no evidence to show any connection between the falling of the limb and the maintenance of the guy wire.

Counsel for respondent in his brief states the theory of the case as follows:

"The theory contended for by respondent and the one adopted by the trial court was simply this; when the defendant took possession of the tree in question and adopted the same as a part of its system of poles and wires, it assumed the obligation to keep the said tree in a reasonably safe condition. It therefore became the duty of the appellant, having the possession of said tree to see that any dead branches which overhung adjacent buildings were trimmed. . . . It certainly would have been defendant's duty to keep a pole in reasonably safe condition and it likewise is its duty to keep a substitute for a pole in a reasonably safe condition."

Defendant assigns as error the refusal of the court to instruct the jury at the close of plaintiff's evidence, and again at the close of all of the evidence in the case, to find for the defendant. This at once presents the question of liability of the defendant on the facts in the case.

Appellant maintains that the tree was the property of plaintiff. The books abound in cases that an abutting property holder owns the fee to the center of the highway, subject of course to an easement of the right of passage in the public, with necessary incidents flowing from the public use. [Webb v. Strobach, 143 Mo. App. l. c. 473, 127 S. W. 680; Cartwright v. Bell Tel. Co., 205 Mo. 126, 103 S. W. 982; Ashurst v. Lofhoefner, 170 Mo. App. l. c. 331, 156 S. W. 805; Walker v. City of Sedalia, 74 Mo. App. 70; 13 R. C. L., sec. 116.].

This being so, the owner has the right to remove the tree at his pleasure. But respondent says that when the electric company placed a timber supporting a guy wire in the tree it adopted the tree as a part of its pole line system, and that then the company was required to keep the tree in reasonably safe condition so that its branches would not fall and injure persons or property. We cannot assent to this doctrine.

We cannot hold that because plaintiff's tree supported guy wires belonging to defendant that the company thereby became liable for the damages resulting from falling limbs where there is no evidence whatsoever that the defendant's use of the tree caused the timber to rot or fall.

Counsel for respondent relies upon the case of Eads v. Gaet, 199 S. W. 710. In that case a telephone company allowed wires used in its system to become loose from the poles in a pasture and caused a horse to become entangled and receive such injuries that it died. The defense was made that the line was not actually owned by the company, but it was shown that the company was in possession of the line, maintaining and operating it as a part of its system, and the court held the company liable for the negligent maintenance of the wires, regardless of the actual ownership of the line. We discern no analogy in that case.

The case of Nagel v. Missouri Pacific Ry. Co., 75 Mo. 653, is cited. In that case a turntable was left unfastened and unguarded, resulting in injury to a child revolving same. It was held that it was not necessary to show that the company was the owner of the turntable, it being sufficient to show that it was in charge and under the control and used by the company. The other cases cited by respondent's counsel are even less analogical.

Suppose wires are attached to a barn or a building of some person along the line. Would the defendant be held to a duty to see that the barn or building remained in reasonably safe condition at all times that it supported defendant's wires? One step further: Suppose a spire were used as a support; or, carrying the theory still further, suppose a bridge, as is often the case, is used to support electric and other public utility wires. Could it be said that such spire or bridge was adopted as a part of the utility system to such a degree that the utility would be required to use ordinary care to see that no one was injured from a careless maintenance

208 M. A.—22

of the structure? These illustrations, of course, are carried to an absurd length, but the principle is the same.

This tree was the property and was under the control of plaintiff. The record shows that she assumed such control by notifying defendant on two occasions to take the guy wire out of the tree. There is ample authority to hold that it was the duty of the adjacent property holder, plaintiff, to remove decayed and dangerous limbs from such tree. [See Cyc. 848 and cases cited.] It is not necessary here to discuss the remedy of the fee owner for her protection against the use of the tree by defendant.

Plaintiff's misfortune arouses our sympathy—it could not be otherwise; but we must always deal equal justice, and as we view this case the court should have given the defendant's peremptory instructions as requested.

Accordingly, the judgment should be reversed. It is so ordered.

*Allen, P. J.,* and *Becker, J.,* concur.