[No. 24821. *En Banc.* June 21, 1934.]

M. R. LOCKE, *Respondent and Cross-appellant*, v. THE PACIFIC TELEPHONE AND TELEGRAPH COMPANY, *Respondent*, THE CITY OF SEATTLE, *Appellant*.[1]

[1]Reported in 33 P. (2d) 1077.

*A. C. Van Soelen* and *E. I. Jones,* for appellant.

*Davis, Groff & Moran* and *D. J. K. Zimmerman,* for respondent and cross-appellant.

*McMicken, Ramsey, Rupp & Schweppe* and *J. Gordon Gose,* for respondent.

HOLCOMB, J.—This action, tried to the court and jury, is to recover for personal injuries and property damage resulting from a collision of an automobile with a telephone or electric light pole which had fallen into the street.

Originally, there were three defendants, namely: Puget Sound Power & Light Company, the Pacific Telephone & Telegraph Company, and the city of Seattle. At the conclusion of plaintiff's case, the court dismissed the Puget Sound Power & Light Company, but denied like motions of the other defendants, and further denied the motion of the telephone company for a dismissal at the conclusion of all the evidence. A verdict was returned against the two remaining defendants for seven thousand dollars. Thereafter, the court denied the city's motion for judgment notwithstanding

the verdict, or in the alternative for a new trial, upon the acceptance by the plaintiff of a two-thousand-dollar reduction in the verdict, but granted a judgment notwithstanding the verdict to the telephone company, denying, in the alternative, the motion for a new trial.

The city appeals from the denial of its motion for judgment notwithstanding the verdict or in the alternative for a new trial, and also from the judgment against it. Both the city and plaintiff appeal from the judgment notwithstanding the verdict in favor of the telephone company.

The issues arise from the following facts: Sometime between five and five-thirty o'clock on the morning of January 11, 1932, respondent and cross-appellant Locke was driving an automobile westerly on east Pine street, a public thoroughfare with paving about twenty feet wide between curbs, in Seattle. This street was intersected by another, designated Twentieth avenue. As Locke neared this intersection, a wooden pole eighteen or twenty feet high, erected in the parking strip on the opposite or south side of Pine street, and such as is used for suspending telephone and electric transmission wires, broke off near the ground, where it was weak from rot and decay, and fell across the street into the path of the vehicle driven by Locke, thereby resulting in bodily injuries to him and damage to the car.

This pole, erected in 1905, was owned and used by the city as a support for wires conveying electricity for the city's lighting department. About 1926, the city removed its wires therefrom and did not thereafter make use of the pole, although it is admitted that the city continued to own it up to the time of the accident. The telephone company, sometime after 1926, used the pole to support a wire connecting its main line traversing a nearby street with a telephone instrument in

a house on the opposite or north side of east Pine street, and the pole was being so used at the time of the accident.

It is urged by cross-appellant Locke that there are two concurring, proximate causes: First, the decayed condition of the pole; and second, the presence of the telephone wire, which, because of its weight or tension, either pulled the pole over or caused it to fall in the direction it did. However, the contention that the wire itself contributed to the falling of the pole is a cause not presented by the pleadings or in the trial of the case. Hence, it may not now be used as a probable theory upon which the jury premised its verdict.

The proximate cause of whatever damage was suffered, was the extremely decomposed condition of the pole, which resulted in its toppling into and across the street. There is also no question of contributory negligence.

The theory of the city is that, as it had long ceased to use the pole, and as the telephone company was using it, the primary duty to maintain it was upon the telephone company; and that, if there was no negligence of the telephone company, there could be none chargeable to the city, citing *Gerritsen v. Seattle,* 164 Wash. 459, 2 P. (2d) 1092; *American District Telegraph Co. v. Oldham,* 148 Ky. 320, 146 S. W. 764, Ann. Cas. 1913E, 376; *Powers v. Independent Long Distance Telephone Co.,* 19 Ida. 577, 114 Pac. 666; *West Kentucky Telephone Co. v. Pharis,* 25 Ky. Law 1838, 78 S. W. 917; *Eads v. Galt Telephone Co.,* 199 S. W. (Mo. App.) 710; *North Arkansas Telephone Co. v. Peters,* 103 Ark. 564, 148 S. W. 273.

There might be some merit in the city's contention if the wire suspended from the pole was the cause of the pole falling, for then it might be said that the placing

of the wire was the proximate cause, and being the act of the telephone company, it might follow that, if the telephone company was not liable, certainly the city could not be held. This theory is in consonance with some of the cases above cited, but not applicable to the case at bar; for, as stated, the placing of the wire on the pole could not be said to have been a proximate cause.

The negligence charged to the city is its failure to inspect and maintain not only its proprietarily owned property, but property in which the telephone company had no interest and had no right to use. Therefore, aside from any duty which the telephone company may have owed, the city itself owed the duty to maintain the pole in a safe condition; and the city's liability is for its own independent acts of negligence, as distinguished from a liability based upon the negligent acts of others. The distinction between the principle applicable here and that urged by the city is well pointed out in *Jones v. Seattle,* 51 Wash. 245, 98 Pac. 743, where we said:

"It is strenuously urged that, by reason of the court's sustaining a motion for a directed verdict on the part of the contractor and codefendant Erickson, no judgment can be sustained against the city, under the rule announced in *Doremus v. Root,* 23 Wash. 710, 63 Pac. 572, 54 L. R. A. 649. But an examination of the opinion in that case shows that there is no similarity in principle between the two cases. In the *Doremus* case, under the allegations of the complaint, the negligence of the servant for which the master was responsible was the only ground upon which the master could have been held responsible. Here no such issues are presented. It is contended by the appellant that the court erred in dismissing the contractor Erickson from the case, because the testimony in relation to his negligence was conflicting and should therefore have been submitted to the jury. Upon this question we do

not now pass, for even conceding that the court did err in that particular, it would be no ground for disturbing the judgment rightly obtained by respondent against the city, for the city was primarily responsible to the respondent. Nor do we at this time indicate whether the city would have redress against the contractor Erickson in an independent action. Those are questions which cannot affect the rights of the respondent.''

As stated, this pole was erected by the city twenty-nine years ago. The city used it for more than twenty years, and then abandoned its use and apparently gave it no more attention. Notwithstanding the city's ownership, the age of the pole, and its location upon a public thoroughfare, it was allowed to become so decayed and so unsupported that, because of its own infirmity, it fell. Certainly, the city had the duty to maintain the pole in a safe condition. It failed in its duty, and because of this negligence, damage was suffered. *Murray v. Seattle,* 96 Wash. 646, 165 Pac. 895. There is thus no escape from the city's liability.

██ A more perplexing question is as to the liability of the telephone company, not because of any uncertainty in our minds, but because of a dearth of strictly apt authorities.

There is nothing in the case to justify a determination that the use made of the pole was a proximate factor in causing the pole to fall. So far as the record discloses, the telephone company had no right, title or interest in the pole, or dominion over it. Nothing the telephone company did in the handling of its own property or the property of others contributed to the injuries suffered. There is no doubt that the telephone company would not be liable had it not made use of the pole. What, then, is the legal effect of the mere use of the pole for a drop line?

The charge of negligence made against the telephone company is, of course, for a violation of a duty. There can certainly be no right without a corresponding duty. But there was no duty to repair, or otherwise maintain, or even replace, the pole, because, as stated, it was the property of the city, and the telephone company had no right or interest in, or dominion over it. It therefore seems plain that the breach of duty, if such existed, was the making use of a defective pole. Liability may exist against one in the use of another's property even where there was no duty to repair or maintain, such, for illustration, as where one operates another's building, as a hotel, and the floor gives way, injuring a guest. In the case at bar, however, the public was uninfluenced and unaffected by what the telephone company did. But it cannot be said that there was a violation of a duty which the telephone company owed to the public or in particular to cross-appellant Locke.

As before stated, the cases cited are not very helpful, but some of the language contained in two of them is expressive of the attitude of this court in the case at bar. In *Piculjan v. Union Electric Light & Power Co.,* 208 Mo. App. 331, 234 S. W. 1006, the plaintiff sued for damages for personal injuries resulting from the falling of dead branches from the tree on plaintiff's property, to which tree the defendant had attached guy wires as a support for one of its poles. The court said:

"But respondent says that when the electric company placed a timber supporting a guy wire in the tree it adopted the tree as a part of its pole line system, and that then the company was required to keep the tree in reasonably safe condition so that its branches would not fall and injure persons or property.

. . .

"We cannot hold that because plaintiff's tree supported guy wires belonging to defendant that the com-

pany thereby became liable for the damages resulting from falling limbs where there is no evidence whatsoever that the defendant's use of the tree caused the timber to rot or fall.''

In *Reynolds v. Van Beuren,* 155 N. Y. 120, 49 N. E. 763, 42 L. R. A. 129, the court, in discussing the principles involved where an advertising sign placed on a roof fell and injured the plaintiff because of a defect in the construction of the building, said:

''There are burdens and duties imposed upon the owner of property or buildings in a great city for the safety and protection of his neighbors and the public, but these duties do not rest upon every one who makes use in some remote way of the property. They generally rest upon the owner, and frequently upon the tenant or party in possession. The foundation of the duty is the possession and right to manage and control the property. It would be manifestly unjust to impose such a duty upon parties who have no possession and no dominion over it.''

We are satisfied that the facts disclosed herein do not show that the telephone company was guilty of any breach of duty or any neglect of which cross-appellant has any right to complain, and the judgment notwithstanding the verdict in favor of the telephone company should be affirmed.

While there is some conflict in the expert testimony as to the nature and extent of disability suffered by cross-appellant Locke, we are satisfied that there is no legal justification for setting aside the verdict as reduced by the trial court.

The orders and judgments of the trial court are affirmed in all respects.

MILLARD, BLAKE, GERAGHTY, MAIN, MITCHELL, and STEINERT, JJ., concur.

BEALS, C. J. (dissenting)—In my opinion, the trial court erred in entering judgment n. o. v. in favor of Pacific Telephone and Telegraph Company.

In 1926, the city of Seattle abandoned the pole which caused the damage herein complained of. Thereafter, the telephone company appropriated the pole and attached one of its wires thereto, this use continuing up to the time of the accident. The telephone company thereby incorporated the pole into its system. It is known that poles will rot, and that they may, by reason of some such deterioration, become dangerous to persons passing within striking distance. This is particularly true of a pole standing in a public street.

The telephone company, by incorporating the pole within its system, became responsible for its maintenance in a reasonably safe condition, and under the circumstances here shown should be held liable for damage occasioned by its fall. The mere fact that the company appropriated the pole without paying any consideration therefor is immaterial. It adopted the idle and abandoned property, and while its act does not exonerate the city from liability to the respondent herein, the company, as appropriator and user of the pole, has made itself jointly responsible for damage occasioned by its fall, that having been a possibility reasonably to be anticipated.

The falling of dead branches from a tree used as a support for a guy wire presents a different question, and in my opinion the second of the cases cited in the majority opinion, *Reynolds v. Van Beuren*, 155 N. Y. 120, 49 N. E. 763, 42 L. R. A. 129, supports my view. In that case, the owner of an advertising sign placed on the roof of a building was held not liable to a person injured by the falling of the sign due to a defect in the construction of the building. The court refers to the use of the property as "remote," and calls atten-

tion to the general rule which makes the owner, the tenant, or the *party in possession,* responsible. The court truly stated that the foundation of the duty is the possession and right to manage and control the property. In the case at bar, the telephone company was in possession of the pole, exercised complete dominion over it, and by long years of acquiescence on the part of the city was in full control thereof. It should not now be heard to say that it is not responsible for damages occasioned by its fall simply because, technically speaking, it was not the owner of the property.

I concur with the majority in holding the appellant city of Seattle liable in this action, but I dissent from the affirmance of the judgment in favor of respondent Pacific Telephone and Telegraph Company.