(No. 5249. Decided May 8, 1905.)

ED. L. STOWE, *Respondent,* v. LA CONNER TRADING & TRANSPORTATION COMPANY, *Appellant.*[1]

DAMAGES—SPECIAL—ALLEGATION OF—SUFFICIENCY—PERSONAL INJURIES—SERVICES OF WIFE AS NURSE. In an action for personal injuries, the value of a wife's services as a nurse cannot be recovered unless specially pleaded, and evidence thereof is incompetent under an allegation of damages for expenses incurred for medicines and medical treatment, regardless of any motion to make the complaint more definite and certain.

DAMAGES—MEASURE OF—LOSS OF TIME—VALUE. In an action for personal injuries, it is competent to prove the reasonable compensation of a man engaged in ordinary labor in the business engaged in by the plaintiff.

SAME—PAIN AND SUFFERING—INSTRUCTIONS. In an action for personal injuries, an instruction to the effect that there can be no fixed measure of compensation for pain and suffering nor for loss of time, is not prejudicial when coupled with correct instructions as to the amount to be awarded therefor.

DAMAGES—EVIDENCE—OTHER ACCIDENTS—CROSS-EXAMINATION. In an action for personal injuries where the appellant's counsel asked a witness if there was any similar injury to another person at the same time and place, the appellant cannot complain if the same inquiry was pursued on cross-examination of the witness.

SAME—OWNERSHIP OF PREMISES. In an action for personal injuries sustained in falling from a dock, cross-examination of a witness as to the ownership of the dock is properly excluded when foreign to the subject-matter of the testimony in chief.

SAME—LIABILITY OF OTHER PARTIES—INSTRUCTIONS. In an action against the owner of a vessel for personal injuries sustained by a passenger in falling from a dock, an instruction to the effect that the plaintiff also had a cause of action against the owner of the dock, who was not a party to the suit, is properly refused.

APPEAL — REVIEW — NEW TRIAL — CONFLICTING EVIDENCE. Where there is a substantial conflict in the testimony, the verdict and a denial of a new trial are conclusive upon the supreme court.

WITNESSES—CREDIBILITY—CROSS-EXAMINATION. Upon cross-examination of a witness, it is proper to ask if he is in the employ of the party by whom he was called.

[1] Reported in 80 Pac. 856; 81 Pac. 97.

APPEAL AND ERROR — DECISION — DAMAGES — REMITTING AMOUNT
ERRONEOUSLY INCLUDED. Where the amount of special damages im-
properly included in the verdict can be ascertained from the evidence,
the judgment may be affirmed upon the condition that the excess
be remitted.

APPEAL AND ERROR—COSTS—BRIEFS NOT FILED IN TIME. Costs will
not be allowed to appellant for the printing of a reply brief which
was not filed within ten. days before the hearing, where no extension
of time was secured and no excuse is offered for the delay.

Appeal from a judgment of the superior court for King
county, Griffin, J., entered February 20, 1904, upon the ver-
dict of a jury rendered in favor of the plaintiff, in an action
for personal injuries sustained in falling from a dock.
Affirmed upon condition of remitting $100.

*Ira Bronson* and *D. B. Trefethen,* for appellant.

*James A. Snoddy,* for respondent.

PER CURIAM.—On the 26th day of October, 1902, the
defendant, La Conner Trading & Transportation Company,
was operating the steamer "Athlon," between the city of Se-
attle and other points on Puget Sound. On the above date,
said steamer arrived in port at the city of Seattle about
7:30 or 8:00 o'clock in the evening, with the plaintiff on
board as a passenger. As the plaintiff landed from the
steamer, he stepped into an unguarded railroad slip, in the
dark, about twenty-five or thirty feet from the end of the
gang plank, and thereby injured one of his ankles. He
brings this action to recover damages for the injury so re-
ceived. The plaintiff had judgment in the court below, and
the defendant appeals.

The first error assigned relates to the admission of testi-
mony as to the value of the wife's services as a nurse while
attending upon the respondent, and the instruction of the
court permitting a recovery therefor. The principal objec-
tion to this testimony is based upon the ground that such
damages are special, and were not specially pleaded. It is
not claimed by the respondent that the damages were spe-

cially pleaded, unless included within the statement that "plaintiff incurred and paid expenses for medicines and medical and surgical treatment of his said injuries in the sum of $112.50."

The objection to this testimony, and the exception to the instruction complained of, must be sustained. Damages which necessarily result from the act complained of are denominated "general damages," and may be proved under the *ad damnum* clause, or general allegation of damage, while those which are the natural consequence of the act complained of, but not the necessary result of it, are termed "special damages." The defendant must be presumed to be aware of the damages which will necessarily result from the act done, and therefore he cannot be held to be taken by surprise when proof is offered of such necessarily resulting damage. But as to the damage naturally, though not necessarily, resulting from the act done, the defendant cannot be presumed to be aware of it, and therefore, in order to prevent a surprise on the defendant, it must be specially set forth in the complaint, or the plaintiff will not be permitted to give evidence of it at the trial. We think expenses incurred for nursing, doctor bills, etc., do not necessarily result from an injury, and therefore constitute special damages, within the above rule, and must be specially pleaded. Such is the general rule on this subject. 5 Ency. Plead. & Prac., 751.

Nor can we uphold the contention of the respondent that the item in question comes within the allegation of the complaint as to medicines, and medical and surgical treatment; first, because it does not come within the allegation as a matter of construction; and second, because the court admitted the evidence and permitted a recovery under the general *ad damnum* clause, and did not limit the respondent to the $112.50 alleged in his complaint for medicines, medical and surgical treatment, and nursing. Nor is there any merit in the claim that the appellant should have moved to make the complaint more definite and certain. The com-

plaint was already both definite and certain as to the claim
for general damages, and the appellant had no means of
knowing that special damages would be claimed.

The next assignment relates to the admission of testimony
as to the reasonable compensation of a man engaged in ordi-
nary labor, in the city of Seattle, at the time of the injury
complained of. The respondent and the witness to whom
this question was propounded were partners in the billiard
and bar supply business. The witness traveled on the out-
side, and the respondent attended upon the store or place
of business. The answer to the question was: "An ordi-
nary laborer is worth somewhere about three to three dollars
and a half a day in my business." Inasmuch as other parts
of the record show that the respondent was engaged in that
business, we do not think there was any prejudicial error
in the admission of this testimony, especially in view of
the fact that the court excluded testimony tending to show
the correct measure of damages, at the instance of the ap-
pellant.

The next assignment is based upon the following extract
from the charge of the court:

"You are instructed that there can be no fixed measure
of compensation for the pain and suffering of body and mind,
nor for the loss of time and care in business."

Waving the question whether this statement of the law is
technically correct, as applied to damages for "loss of time
and care in business," this portion of the charge, when
coupled with the further instruction that, if the jury found
for the respondent, they should award him such amount
as would justly, fairly, and fully compensate him for the
loss of time, if any, etc., could not mislead the jury or
operate to the prejudice of the appellant.

The next assignment relates to proof of a similar injury
to another person at the same time and place. Such testi-
mony is not ordinarily competent, but the record discloses
this situation: Counsel for appellant asked one of his wit-

nesses this question: "Was there any other man fell into the slip that night?" Answer: "No, sir, not to my knowledge." Counsel for respondent, on cross-examination of the same witness, pursued the same inquiry with the same result. Under these circumstances, the appellant will not be heard to complain of the error, if error it was.

The next assignment relates to the exclusion of evidence as to the ownership of the pier where the accident occurred, and the refusal of the court to give an instruction on the same question. The appellant sought to prove the ownership of the dock or pier, on the cross-examination of one of the respondent's witnesses. The court sustained an objection on the ground that it was not proper cross-examination. The ruling of the court in this regard was clearly right, as the question was wholly foreign to the subject-matter of the witness' testimony in chief. The instruction refused was to the effect that the respondent also had a cause of action against the dock owner for the same injury, if he had one against the appellant. This request was properly refused, as it mattered not who else might be liable to the respondent. That question was not before the court.

The next assignment of error relates to the refusal to grant a new trial. There was a substantial conflict in the testimony, and the finding of the jury and the action of the trial court in denying a motion for a new trial are conclusive upon this court in all such cases.

The last assignment relates to certain questions propounded to one of the appellant's witnesses on cross-examination. Counsel for respondent asked this witness, in effect, if he was in the employ of the appellant. There was certainly no impropriety in this.

We do not deem it necessary to grant a new trial, absolutely, on account of the first error discussed in this opinion. The testimony of the respondent was to the effect that his wife nursed him for about four weeks, and the testimony of the other witnesses was to the effect that such services

were worth from twenty to twenty-five dollars per week. The judgment of the court below will be reversed, unless the respondent shall file with the clerk of this court a release of the sum of $100 from the amount of said judgment, within thirty days from the filing of this opinion. But, upon the filing of such release, the judgment will be modified to that extent, and, as thus modified, the same will be affirmed. The appellant will recover its costs on this appeal.

### Upon Exceptions to Costs.
#### [Decided June 7, 1905.]

Per Curiam.—Respondent has filed exceptions to the taxation of costs on this appeal. The sum of $18 was taxed in favor of appellant on account of its reply brief. Respondent excepts to said item on the ground that the reply brief was neither served nor filed ten days before the hearing; that there was no extension of time by stipulation or otherwise, and no excuse was offered for the delay. Laws 1901, pp. 30, 31, ch. 31, § 3, contains the following: "Not less than ten days prior to the hearing the appellant may also serve and file either with the clerk of the superior court or in the supreme court like printed brief or briefs, strictly in reply to respondent's brief." The same section also provides for an extension of the time, either by order of the superior court for good cause shown, or by stipulation of the parties. In the absence of such extension, the statute requires the reply brief to be filed, "Not less than ten days prior to the hearing." Appellant was, therefore, not entitled, as a matter of right, to file its reply brief when the same was filed, and for that reason respondent ought not to be charged with costs on account thereof. It is therefore ordered that the taxation of costs heretofore made in this appeal shall be modified to the extent of eliminating said item of $18.