[No. 19686.   Department Two.   March 23, 1926.]

ARNT JACKSON, *Plaintiff and Respondent,* v. MITSUI & COMPANY, LIMITED,' *Defendant and Appellant,* GRIFFITHS & SPRAGUE STEVEDORING COMPANY, *Defendant and Respondent.*[1]

[1] JUDGMENT (59)—MASTER AND SERVANT (184)—JUDGMENT AND FINDINGS—EFFECT OF EXONERATING ONE JOINT TORT FEASOR.   In an action against a stevedoring company and a ship owner, for personal injuries sustained by an employee of the stevedores, a verdict in favor of the stevedore company does not exonerate the ship owner, where there was a charge of independent negligence on the part of the ship owner, causing the injuries, sustained by substantial evidence.

[2] NEW TRIAL (4)—AS TO ONE OR MORE COPARTIES.   In an action against joint tort feasors, each of whom is wholly liable, the granting of a new trial as to one of them, after a verdict in its favor, does not require a new trial as to the other.

[3] DAMAGES (80)—EXCESSIVE DAMAGES FOR PERSONAL INJURIES.   A verdict for $25,000 for personal injuries sustained by a stevedore, 42 years of age, earning from $140 to $240 a month, will be reversed as excessive, unless $12,500 is remitted, although it appears that plaintiff's broken leg was operated on several times, that he suffered severely and incurred expenses in the sum of $1,800, and may never be able to do heavy labor again.

Appeal from a judgment of the superior court for King county, Ronald, J., entered July 23, 1925, upon the verdict of a jury rendered in favor of the plaintiff, after denying defendant's motion for a new trial. Affirmed on condition.

*Trefethen & Findley,* for appellant.

*Griffin & Griffin* and *Stephen V. Carey,* for respondent.

MITCHELL, J.—Arnt Jackson sued a stevedoring company and Mitsui & Co., Ltd., shipowner, for damages for personal injuries received while loading a ship. The

'Reported in 244 Pac. 385.

verdict was for the plaintiff against the shipowner, but not against the stevedoring company. The trial court granted the shipowner's motion for judgment notwithstanding the verdict, and also granted the plaintiff's motion for a new trial against the stevedoring company. Upon appeals, this court reversed the judgment in favor of the shipowner and directed that its motion for a new trial, filed simultaneously with its motion for judgment notwithstanding the verdict, be passed on by the trial court, and at the same time this court affirmed that portion of the judgment or order granting a new trial against the stevedoring company. *Jackson v. Mitsui & Co.,* 132 Wash. 395, 232 Pac. 317, adhered to upon a rehearing *En Banc,* 135 Wash. 695, 236 Pac. 806. Accordingly, the superior court considered the shipowner's motion for a new trial, denied it and entered a judgment in favor of the plaintiff against the shipowner, upon the verdict. The shipowner has appealed.

Two contentions are made on the appeal. The first, a complex one, is that the finding of the jury in favor of the stevedoring company exonerates the shipowner; and that a new trial having been ordered as to the stevedoring company a similar order should be made as to the shipowner.

[1] As to the first division of this first contention, the case of *Doremus v. Root,* 23 Wash. 710, 63 Pac. 572, 54 L. R. A. 649, is cited and relied on. That case is not applicable here. It was a case where the negligence of the servant was the gist of the cause of action, and the master could be rendered liable only on the theory of *respondeat superior.* In the present case there was a charge of independent negligence on the part of the shipowner causing the injuries complained of and substantial credible evidence was

introduced to sustain it. In such case, the rule is different from that announced in the *Doremus v. Root* case. The same argument was presented on the former appeal, and the necessary effect of the opinion was properly against the argument.

[2] On the second division of this first main contention it is sufficient to say we cannot approve it for the reason that this is an action against joint tortfeasors, each of whom is wholly liable.

[3] The second main contention is that the verdict is excessive. This question is not without its difficulties. That portion of the record bearing upon it is of itself voluminous. The injuries were severe, including a broken leg that has been operated on several times, in part for the removal of small pieces of bone. The leg is not yet well and may have to be again operated. At best it may be some time before it becomes at all useful and likely never again for heavy labor. Manifestly the respondent has suffered a great deal and for a long time, although it appears that other injuries than those to the leg have about disappeared. His expenses caused by the injuries had amounted to about $1,800 at the time of the trial. When injured he was forty-two years of age and had an expectancy of life of 26.72 years. His earnings as a longshoreman at and about that time varied from $140 to $240 per month. The verdict and judgment were for $25,000, and, while we hesitate to interfere with it, we are of the opinion, upon consideration of all the evidence upon the subject, that it is largely excessive. For this reason alone, however, we are not disposed to reverse the judgment in the first instance. The conclusion and order is that if within thirty days after the going down of the remittitur, the respondent shall in writing to be filed in the cause elect to accept a judgment for $12,500 as of July 23, 1925, the

date of the judgment appealed from, and remit the excess, the judgment will be affirmed, otherwise it will be reversed and a new trial ordered.

TOLMAN, C. J., MAIN, PARKER, and MACKINTOSH, JJ., concur.