[No. 25836. Department Two. December 16, 1935.]

A. G. BURSON *et al., Appellants, v.* W. S. BLACKWELL *et al., Respondents.*[1]

*Davis, Heil & Davis,* for appellants.

*Hamblen, Gilbert & Brooke,* for respondents.

MAIN, J.—This action was brought to recover damages sustained in an automobile accident. The cause was tried to the court and a jury, and resulted in a verdict in favor of the defendants. The plaintiffs moved for a new trial, which motion was overruled, and from the judgment entered dismissing the action, they appeal.

The accident happened at the intersection of Riverside avenue and Post street, in the city of Spokane. Riverside avenue extends east and west, and Post street north and south. The traffic at this intersection,

[1]Reported in 52 P. (2d) 351.

both vehicular and pedestrian, is heavy. At the intersection, there are signal lights to regulate the movement of the traffic. The respondents are husband and wife and are the owners of an automobile which, at the time of the accident, was operated by Mrs. Blackwell, who will be referred to as though she were the only respondent.

She was proceeding south on Post street, and the appellant A. G. Burson, who will be referred to as though he were the only appellant, was crossing Post street on the south side of the intersection and was within the sidewalk area, if the sidewalk were extended across the street. While on this cross walk, he either was struck by the front part of the automobile or he walked into the side of it without seeing it. Upon this question, the evidence is in direct dispute. The evidence is also in dispute as to whether the respondent entered the intersection on the north side when the green light was showing in her favor, or whether she entered after the red light was showing.

The only question presented upon the appeal is whether there was error in the instructions to the jury. In instructions 7 and 8, the jury were told, in effect, that the appellant had the right of way, with the green light showing in his favor, whether the respondent entered the intersection with the green light or against the red light. In instruction 13, the jury were told that, if the respondent was in the intersection, it was the duty of the appellant to permit her to continue through and out of it, and, if he could have observed the respondent coming through the intersection and

". . . failed to yield to her the right-of-way to continue across, then the plaintiff [appellant] would be guilty of negligence and you should find for the defendants."

These instructions are inconsistent, and inquiry will be directed as to the construction to be given to the traffic ordinances of the city of Spokane which cover the situation. One section of the ordinance provides that, when the red light shows on the traffic signal, it indicates that traffic, including pedestrians, shall stop and remain stopped as long as the red light is shown; and that, when the green light is shown, it indicates that both vehicular and pedestrian traffic shall move in the direction of that signal. There is the further provision in this section of the ordinance to the effect that the driver of any vehicle

". . . who has entered an intersection on the green signal shall proceed to cross without delay in the event of the ringing of the first bell indicating a change from the green light to the red light, and shall not stop and back up."

Another section of the ordinance provides that pedestrians, where traffic officers or automatic signal lights are stationed, "shall comply with directions and signals of such officers and signal lights as to crossing such intersections," and,

". . . subject to the duty to comply with the direction of traffic officers and automatic signal lights, as provided in Section 6 of this ordinance, pedestrians shall have the right of way over vehicles at street intersections and crossings."

It will be observed that these ordinances are inconsistent in this: That, in one, if the green light is showing, the pedestrian has a right to proceed to cross, and in the other, if the vehicle is in the intersection, having entered with the green light, it has the right to proceed across and not stop and back up. If the respondent entered the intersection with the red light against her, the ordinance giving her the right to go through, if the red light should flash before she passes out of the intersection, is not applicable and does not interefere

with the right of the pedestrian on the crossing. On the other hand, if she entered with the green light in her favor and the red light flashed before she passed through, then she had a right to go on through, and the pedestrian, with the green light in his favor, had a right to proceed to cross in front of her.

The respondent having the right to proceed if she entered with the green light in her favor and the red light flashed before she passed through the intersection, and the appellant having the right to proceed across because the green light was in his favor, it was the duty of each of them to exercise ordinary care to avoid an accident. It was the duty of the pedestrian, the appellant, to exercise ordinary care to avoid being hit by the automobile. It was the duty of the driver of the automobile to exercise ordinary care to avoid hitting a pedestrian on the cross walk. Under the situation here presented, neither of them had a superior right.

In the instructions to which attention has been called, the ordinances are not construed as we believe they should be, and the jury was not correctly instructed.

It is said, however, that, even though the instructions be inconsistent and not correct, the judgment should not be reversed, because, under the evidence, no other verdict could have been returned than the one that was rendered. This contention, it appears to us, overlooks the fact that there was evidence from which the jury had a right to conclude that the respondent entered the intersection with the red light against her, and, if she did so, the appellant on the cross walk, with the green light in his favor, had a superior right.

Cases which hold that, even though there be error in the instructions, it is not prejudicial where, under the evidence, as a matter of law, no other verdict could have been returned, are not here applicable.

Attention has been called to the case of *Steinheim v. Nicholas*, 171 Wash. 614, 18 P. (2d) 836, as being upon facts quite similar to those in the present case; but that case was tried to the court without a jury, and in such a case this court reviews the facts. There, it was found that the plaintiff was guilty of contributory negligence as a matter of fact. We have no right to make any such finding in a jury case. In such a case, the inquiry is only as to whether there was substantial evidence to take the case to the jury, and this presents a question of law.

The judgment will be reversed, and the cause remanded with direction to the superior court to grant a motion for a new trial.

MILLARD, C. J., HOLCOMB, BEALS, and BLAKE, JJ., concur.