[No. 27178.   Department Two.   December 5, 1938.]

WILLIAM P. WYLIE *et al., Respondents,* v. ROBERT C. STEWART *et al., Defendants,* JESSIE A. STEWART, *Appellant.*[1]

[1]Reported in 84 P. (2d) 1004.

*Witherspoon, Witherspoon & Kelley,* for appellant.

*Harry M. Morey,* for respondents.

MILLARD, J.—This action was instituted against the owner and his lessee to recover for personal injuries sustained by Agnes Wylie as a result of her jump from the third floor of a burning building, an apartment house in Spokane owned by F. M. Gardner and operated by his lessee, Jessie A. Stewart. At the close of plaintiff's case, defendant owner's challenge to the sufficiency of the evidence was sustained, and his motion for directed verdict was granted. The trial of the cause resulted in verdict in favor of plaintiffs Agnes Wylie and husband and against defendant Jessie A. Stewart, separate and apart from the marital community of which she is a member. From the judgment entered, motions for judgment notwithstanding the verdict and for a new trial having been overruled, defendant Jessie A. Stewart appealed.

Counsel for appellant contend that the cause of the fire was due to a latent structural defect, of which the owner of the building had knowledge but of which appellant lessee did not have either actual or imputed knowledge, therefore the court's direction of a verdict for Gardner, the owner of the apartment house, constituted prejudicial error.

If—our examination of the statement of facts discloses that to be the situation—at the close of responddents' case, when Gardner's motion for a directed verdict was granted, the evidence was to the effect that the fire was caused by the independent acts of negligence on the part of appellant lessee and not by any negligence on the part of Gardner, the owner of the

apartment house, appellant has no ground·for complaint.

In *Birkel v. Chandler,* 26 Wash. 241, 66 Pac. 406, plaintiff sought recovery against three separate defendants, the owner of the building where the accident happened, and two other persons who were performing the work which resulted in the accident. The several defendants answered separately. At the close of the plaintiff's testimony, the motion of the owner of the building for a dismissal was granted by the court. The trial of the cause resulted in verdict in favor of the plaintiff against the other two defendants. The verdict was set aside as to one of them, leaving Chandler the only one of the three original defendants against whom the judgment ran. Chandler urged as error, on appeal, the refusal of the trial court to vacate the verdict as to him, since it was vacated as to his co-defendant. In affirming the judgment, we said:

"Appellant's counsel also cite *Palmer v. Crosby,* 1 Blackf. 138. The opinion in that case was rendered by Mr. Justice Blackford, one of the ablest jurists of his time, and seems to us to be so clearly opposed to counsel's contention that we quote from the opinion below. The case was an action of trespass against six persons for assault and battery. But four of the six were served with process, and the cause proceeded to trial against the four. It was contended on appeal that the plaintiff should have sued out further process against those upon whom process had not been served before he proceeded against the others. After discussing the principles that would have applied if the action had been one founded upon contract, the learned jurist said:

" 'But the law is very different in actions founded on tort. The persons guilty are separately liable to the party injured, and he has a right to sue one, or all, or any number of them. 1 Will. Saund. 291, n. 4. If the plaintiff commence suit against several, he may, at any time before judgment, enter a *nolle prosequi* as

to any of them. Even after a joint plea in an action of trespass, and after a verdict that the defendants are jointly guilty, the plaintiff may enter a *nolle prosequi* as to some, and take judgment against the others. 1 Will. Saund. 207, n. 2. The case before us is one of assault and battery, in which the writ was served on, and the judgment entered against, four only of the six persons against whom the plaintiff complained. Why is this wrong? As the action might have been originally instituted against these four, so, at any time before final judgment, the plaintiff might elect to take his damages against them alone, and abandon his action against the others. He might, even after his verdict against the four, have entered a *nolle prosequi* as to two, and taken judgment only against the rest.'

"The above statement of principles seems to us to be peculiarly applicable to this case. If plaintiff himself can, after verdict, enter a dismissal as to any one of the defendants in an action for tort, and elect to take judgment against the remaining defendants, certainly, when the court itself has entered such dismissal, the plaintiff can elect to accept judgment against the others, as was done in this case. Each defendant who participated in the wrong being liable for the whole damage, we do not see that any one can complain here except the respondent, who was plaintiff in the action. The respondent accepts the judgment, and makes no complaint."

See, also, *Jackson v. Mitsui & Co.*, 138 Wash. 124, 244 Pac. 385; *Doremus v. Root*, 23 Wash. 710, 63 Pac. 572, 54 L. R. A. 649; *Gerritsen v. Seattle*, 164 Wash. 459, 2 P. (2d) 1092; *Locke v. Pacific Tel. & Tel. Co.*, 178 Wash. 47, 33 P. (2d) 1077.

Appellant next complains of the denial of her challenge to the sufficiency of the evidence to support the verdict, and of the refusal to give, and of the giving of, certain instructions to the jury.

A verdict is conclusive as to questions of fact properly submitted to the jury, and in reviewing a verdict our inquiry is limited to whether there was sub-

stantial evidence to take the case to the jury. *Burson v. Blackwell,* 184 Wash. 669, 52 P. (2d) 351; 2 R. C. L. 193, 194. If verdict is based on conflicting evidence, that of the prevailing party must be taken as true as well as all reasonable inferences deducible from such evidence. *Edwards v. Seattle etc. R. Co.,* 62 Wash. 77, 113 Pac. 563.

"On a challenge to the sufficiency of the evidence to support the verdict, the question presented on appeal is, admitting the truth of all the evidence of the plaintiff, together with such inferences and conclusions as may reasonably be drawn therefrom, and eliminating all evidence of defendant in conflict with plaintiff's evidence, and all opposing inferences, whether there is any competent evidence tending to support the verdict against the defendant." 3 Am. Jur. 444, § 887.

In other words, the rule is that we will, in determining the sufficiency of the evidence, assume as true that version of the evidence which supports the verdict.

The evidence most favorable to respondents, and which the jury were entitled to believe, is summarized as follows:

The Gardner three-story apartment building, in Spokane, was constructed by F. M. Gardner, its present owner, approximately twenty-five years ago. Six apartments are on each of the three floors, and one apartment is in the basement. Al Morse, to whom Gardner leased the building for a number of years, surrendered his lease in the fall of 1934.

In October, 1934, Mr. Gardner leased this building of nineteen apartments to appellant, who decided to install a coal and wood range in the basement apartment for the use of tenants in that apartment. Prior to that time, Gardner built a south partition wall in this basement apartment within six inches of a chimney which led into the basement apartment. That is,

the south partition wall met the east wall, in which there was an opening for a stove pipe, a short distance from the chimney in the southeast corner of the kitchen. The opening in the chimney was hidden by a wooden partition, over which an employee of Gardner had placed deadening felt and wall paper. Prior to the time the building was leased to appellant, the tenants in the basement apartment used a kerosene or gas stove.

A stove or range owned by appellant was, by her direction, installed in the kitchen of the basement apartment. She instructed her employee, one Alfred Nelson, to connect this range with the chimney. In order to do this, Nelson cut the paper and deadening felt away from the hole and placed therein the pipe of the range. An employee of Gardner, who deemed that installation a fire hazard because the stove pipe was too close to the wood, enlarged the hole by cutting "the wood out bigger away from the stove pipe" and, in order to minimize likelihood of fire, made a zonolite mixture and plastered it around the thimble which is around and in the hole and through which the pipe of the range was placed. Nelson, appellant's employee, knew that the thimble he installed was not surrounded by any brick work or mortar and that the stove pipe entering the thimble would be in close proximity to the thin board sheeting and the wall paper that faced the east wall. He was aware of the fact that the thimble was not more than six inches from the south partition wall, which was unlathed and unplastered.

The attention of appellant, who personally supervised (for a short time at least) the work of installing the range, was called to the fire hazard thus created. She was warned of the dangerous condition. The measures adopted by Gardner's employee in plaster-

ing zonolite around the thimble probably prevented fire at a date earlier than it occurred.

On January 15, 1937, fire originated on the sheeting in the space between it and where the stove pipe entered the hole in the brick portion of the chimney. There was evidence which warranted the jury in finding that the cause of the fire was that the stove pipe had worked or moved a little out of the chimney hole and rested on the sheeting wood and caused the fire by the stove being overheated. In other words, the proximate cause of the fire was the fire hazard, of which the appellant had been warned, in the basement apartment of the Gardner apartments.

Respondents were tenants of appellant in a third-story apartment of the Gardner apartments. Mrs. Wylie was employed as a nurse on a night shift and slept during the day. In the late afternoon of January 15, 1937, she was awakened by the smoke and heat in her apartment. The smoke and heat from the fire, which originated as described above, prevented her escape from her apartment. She crawled out on the window ledge, through which the flames spread, badly burning her. In her excitement and because of the pain, she released her hold on the window ledge and fell three stories to the ground. As a result of the fire to which she had been subjected and her fall or jump to the ground, she was seriously injured.

It is clear that there was substantial evidence to take the case to the jury on the question whether appellant brought about or created the condition from which the fire resulted. The verdict is conclusive as to that question of fact if it was properly submitted to the jury.

The court instructed the jury that, if a person brings about or creates a fire hazard or a dangerous condition from which a fire results and which causes injury to

another person, and the result were reasonably apparent to or should have been foreseen by a person of ordinary prudence, the person bringing about or creating such hazard or condition is guilty of negligence and is responsible in damages for any injuries to another person which proximately result from the fire, unless such injured person was guilty of contributory negligence.

The trial court correctly refused to give requested instructions Nos. 3, 4, 5, 6, 7, 9, 10, and 11. Before the instructions were given, F. M. Gardner was dismissed from the case. Any instruction defining the law as to the possible negligence of Gardner or the original construction of the premises would not have been proper. The only issue at the time the instructions were given was whether appellant created a fire hazard which resulted in a fire which proximately caused the injury of respondent Agnes Wylie.

Appellant was not entitled to an instruction which would cause the jury to speculate as to whether the court had committed error in releasing Gardner. On a similar situation in *Stowe v. La Conner Trading & Transp. Co.*, 39 Wash. 28, 80 Pac. 856, 81 Pac. 97, we said:

"The appellant sought to prove the ownership of the dock or pier, on the cross-examination of one of the respondent's witnesses. The court sustained an objection on the ground that it was not proper cross-examination. The ruling of the court in this regard was clearly right, as the question was wholly foreign to the subject-matter of the witness' testimony in chief. The instruction refused was to the effect that the respondent also had a cause of action against the dock owner for the same injury, if he had one against the appellant. This request was properly refused, as it mattered not who else might be liable to the respondent. That question was not before the court."

Every point of law embraced within requested instruction No. 3 on which appellant was entitled to have the jury instructed was fully covered by the court's instruction No. 4.

Requested instruction No. 4 constituted a comment on the evidence and it also attempted to define the law as to the construction of the apartment house. The question whether Gardner was negligent in the construction of the apartment house was not an issue. The only issue at the time that instruction was requested was whether appellant Stewart created a fire hazard.

One of the vices in each of requested instructions Nos. 5, 6, 7 and 9 is the attempt to charge the jury that Gardner was responsible for the injury sustained by respondent Agnes Wylie, when at that time, as the jury had already been instructed, Gardner was out of the case. On that ground—there are other grounds—the requested instructions were properly refused.

By requested instructions Nos. 10 and 11, appellant sought to have the jury charged that she was under no duty to inspect or repair the basement apartment. The court fully instructed the jury by instruction No. 5 on all the proper elements included in requested instructions Nos. 10 and 11.

Counsel for appellant insist that the court erred in giving instruction No. 4. It is argued, in effect, that the jury should have been instructed only on what was the structural defect in the east wall of the apartment, that Gardner created that defect or fire hazard, and that appellant knew nothing of the structural defect because it was hidden by the wall paper.

It would have been improper for the court to have charged the jury that they should take into consideration the question whether Gardner created the fire hazard in the east wall, as Gardner was out of the case. The fire hazard was not confined solely to a structural

defect in the east wall. The fire may have originated back of the furring and not in the east wall. The question of what constituted a "fire hazard" could not properly be restricted to the hazard existing at the particular point where appellant claimed the fire originated. The material question was whether appellant created the fire hazard or, in the exercise of reasonable care, knew that it existed when she rented the basement apartment to Clarence Joy in the fall of 1934, at which time appellant installed the wood and coal range in that apartment. The court properly instructed that, in determining whether a fire hazard or dangerous condition was created, the jury should "take into consideration the location of the flue or chimney, the kind and character of the material used in the walls or partitions, the location of the stove, . . ."

The other assignments, including the one on the refusal to submit to the jury special interrogatories in which appellant took the position that Gardner created the dangerous condition, of which appellant knew nothing, are without substantial merit.

The judgment is affirmed.

STEINERT, C. J., BEALS, GERAGHTY, and SIMPSON, JJ., concur.