[No. 29141. Department Two. December 7, 1943.]

LOLA FLETCHER, *Respondent*, v. SAMUEL SUNEL *et al.,* *Appellants.*[1]

[1]Reported in 143 P. (2d) 538.

*R. W. Greene,* for appellant.

*Brown & Millhouse,* for respondent.

MILLARD, J.—Samuel Sunel and wife and C. G. Bush and wife, owners of a hotel building and equipment in Bellingham leased by them to Gladys Clifford, were obligated under the terms of the lease to keep the roof, outside walls, and foundation of the building in a good condition of repair during the leasing period. While unloading, for the lessee, a load of slab wood through a trap door in the sidewalk in front of a plate glass window six feet wide and twelve feet long on the street side of the hotel lobby November 4, 1940, the driver of the truck of a lumber company, from which Mrs. Clifford purchased the wood, accidentally threw a piece of slab wood against the lower right-hand corner, facing the hotel, of the plate glass window, which resulted in the breaking of the glass and making a hole approximately the size of a five-cent piece and causing a crack two feet long in the glass to run toward the main portion of the window. The lessee informed the lumber company of the accident and it immediately employed a hardware company to repair the window the following day. An employee of the hardware company cut through the glass around the cracked portion of the pane, and plate glass of the proper size was ordered from Seattle and arrived in Bellingham about November 12th.

It was the daily habit of plaintiff, a paying guest of the hotel, to sit in one of the large chairs in the lobby facing the cracked window pane. About noon November 9, 1940, five days after the glass was broken as described above, plaintiff was sitting in her accustomed place in front of the window, at which time there was a storm in Bellingham and a strong wind was blowing directly against the window. The plate glass was blown by the wind into the hotel and struck and seriously injured plaintiff, who instituted this

action to recover therefor against the lessee and lessors of the hotel building and the lumber company and the hardware company employed by the lumber company to repair the window. The demurrers of the lumber company and hardware company to the complaint were sustained and the action was dismissed as to those corporations. The lessee and lessors denied negligence on their part and pleaded, as an affirmative defense, assumption of risk and contributory negligence of plaintiff. Trial of the cause to the court sitting with a jury resulted in verdict in favor of lessee Clifford and against the lessors. From the judgment entered upon the verdict, motions for judgment notwithstanding the verdict and for new trial having been overruled, defendant lessors appealed.

■ Counsel for appellants first contends that, as lessee Clifford and appellants were jointly sued for negligence in failing to make repairs and the lessee was exonerated by the jury's verdict, it follows that the jury should also have exonerated appellant lessors, for the reason that the lessors' negligence, if any, was necessarily imputed only from the negligence of the lessee in failing to request the appellants to make the repairs; that, as the lessee was not negligent, there could not have been any negligence on the part of appellants.

In support of their position, appellants cite *Gerritsen v. Seattle,* 164 Wash. 459, 2 P. (2d) 1092, in which we held that, where a city and school district were jointly sued for the negligence of the school district in maintaining a barrier across a street by permission of the city, a verdict exonerating the school district exonerated the city. Appellants also cite as sustaining authority *Holmquist v. Queen City Const. Co.,* 175 Wash. 681, 27 P. (2d) 1066, where we held, in an action by an abutting owner against a city and a construction company, doing highway work for the city, that a finding exonerating the construction company of the charge of negligence in performing the work absolved the city.

In *Gerritsen v. Seattle, supra,* the city granted permission

to the school district to use the street. As the manner in which the street was used was entirely within the discretion of the school district and any negligence in that use was the negligence of the district, it logically followed that a verdict in favor of the school district barred recovery against the city.

*Holmquist v. Queen City Const. Co., supra,* is also inapplicable. The finding in that case that the contractor doing the actual work was not negligent exonerated the city, for which municipal corporation the work was being performed. If there was any negligence, it was primarily the negligence of the construction company. The employing corporation's negligence, if any, was necessarily derived or imputed only from the negligence of the construction company.

In the case at bar, there is no question of agency or joint obligation; hence, the jury could have returned a verdict against either the lessee or the lessors. While it was the duty of the lessee to employ reasonable means to supply a safe place for respondent guest, primarily the duty to replace the window pane was that of the lessors. If the lessors failed or refused to replace the window pane, the duty then devolved upon the lessee to make the window pane safe.

The argument that the verdict of the jury in favor of the lessee exonerates the lessors is answered by our opinion in *Jackson v. Mitsui & Co.,* 138 Wash. 124, 244 Pac. 385, where we held that, in an action against a stevedoring company and a ship owner for personal injuries sustained by an employee of the stevedores, a verdict in favor of the stevedoring company did not exonerate the ship owner, where there was a charge of independent negligence on the part of the ship owner causing the injuries sustained by substantial evidence. We stated that *Doremus v. Root,* 23 Wash. 710, 63 Pac. 572, 54 L. R. A. 649 (upon which appellants in the case at bar rely), was inapplicable, as that was a case where the negligence of the servant was the gist of the cause of action and the master could be rendered liable only on the theory of *respondeat superior.*

■ Counsel for appellants next argues that appellants were not obligated to make any repairs for defects occurring after they delivered possession of the leased premises to the lessee until notified by the lessee of such defects, a request by the lessee that the repairs be made, and a reasonable time given in which to make the repairs.

There is evidence, which the verdict reflects the jury accepted as true, that appellants had actual knowledge of the dangerous condition of the window and had reasonable time within which to make same safe. As the lessors had not only notice but actual knowledge of the existence of defects, which rendered the use of the hotel building in the manner contemplated by the lease dangerous to the lessee, and the guest of that lessee suffered personal injuries therefrom after reasonable time for making the premises safe, the lessors, in the absence of contributory negligence, are liable in an action by the guest to recover for the personal injuries sustained. See *Mesher v. Osbourne,* 75 Wash. 439, 134 Pac. 1092.

■ Counsel for appellants insists that the contributory negligence of respondent in sitting in front of the cracked window pane where the peril therefrom was obvious, particularly in view of the fact that, at the time she was occupying a seat in front of that window a very heavy gale was blowing directly against the cracked pane, bars recovery as a matter of law.

Respondent took a seat which had just been vacated by lessee Clifford, who assured respondent that the window was in a safe condition. The evidence does not sustain the contention that there was any thing about the window making it obvious that it was dangerous. Even the testimony of appellants' witnesses on the question whether the broken window pane imperiled anyone sitting near it, was in conflict. Under the circumstances, the question whether respondent was guilty of contributory negligence was one of fact for the jury.

It is unnecessary to discuss other contentions of appel-

lants. Our examination of the record fails to disclose prejudicial error in trial of the cause.

The judgment is affirmed.

SIMPSON, C. J., BLAKE, ROBINSON, and MALLERY, JJ., concur.

January 17, 1944. Petition for rehearing denied.

